UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-04569-RGK-E | Date | August 01, 2019 |
|---|---|---|---|
| Title | *KIDKUL v. THE NEWS, INC.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order Re: Plaintiff's Motion to Remand (DE 13)

## I. INTRODUCTION

On February 2, 2019, Plaintiff Nutsiri Kidkul ("Plaintiff") filed a Complaint in Los Angeles Superior Court against The News, Inc. ("Defendant") alleging violations of the Unruh Civil Rights Act.

On May 24, 2019, Defendant removed the action to federal court on the basis of diversity jurisdiction and federal question jurisdiction. On June 24, 2019, Plaintiff filed the instant Motion to Remand ("Motion") (DE 13). For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## II. FACTUAL BACKGROUND

Plaintiff is a visually-impaired and legally blind individual who uses screen-reading software to access and read websites on her computer. Defendant is a New York corporation that produces, markets, and sells products via brick-and-mortar stores within Los Angeles County and through its website, https://6397news.com/ (the "Website").

Plaintiff alleges that in January 2019, and on multiple other occasions, she attempted to use Defendant's Website to inquire about Defendant's goods and services available both online and in its brick-and-mortar stores. Plaintiff was unable to do so, however, because Defendant's Website was not fully accessible with her screen-reading software.

Plaintiff contends that Defendant, through its website, thereby violated the Americans with Disabilities Act ("ADA"), which in turn violated the Unruh Civil Rights Act ("Unruh").[1] Plaintiff seeks injunctive relief, damages, and attorneys' fees. In her Complaint, she expressly limits the cost of injunctive relief to no more than $15,000, and limits her total recovery of damages to $34,999.

In its Notice of Removal, Defendant contends that the Court has diversity jurisdiction over the matter because Plaintiff's limited injunctive relief and damages, when combined with anticipated attorneys' fees, exceeds the $75,000 jurisdictional minimum. Furthermore, Defendant contends that the

---

[1] Plaintiff only asserts a claim under Unruh, not the ADA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-04569-RGK-E | Date | August 01, 2019 |
|---|---|---|---|
| Title | ***KIDKUL v. THE NEWS, INC.*** | | |

Court has federal question jurisdiction over the matter because Plaintiff's claim is based on a violation of the ADA, a federal statute.

## III. JUDICIAL STANDARD

A defendant may remove a case from state court when the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Original jurisdiction exists either when a claim "aris[es] under the Constitution, laws, or treaties of the United States" or when the parties are citizens of different states and the amount in controversy exceeds $75.000. 28 U.S.C §§ 1331–32. Federal courts must "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal jurisdiction places the burden on the defendant to show by a preponderance of evidence that removal is proper. *Id.* at 566.

## IV. DISCUSSION

Plaintiff contends that Defendant has not met its burden to establish that Plaintiff's alleged damages exceed the jurisdictional limit, or that Plaintiff's claim arises under federal law. Therefore, Plaintiff argues, the Court lacks both diversity and federal question jurisdiction. The Court agrees.

### A. Diversity Jurisdiction

In its Notice of Removal, Defendant contends that the amount in controversy exceeds the $75,000 minimum because the total damages and cost of injunctive relief exceed that amount. Defendant also contends that the amount in controversy ought to include prospective attorneys' fees, which further increases that amount. The Court disagrees.

Defendant first contends that Plaintiff's sought-after damages and injunctive relief alone exceed $75,000. Defendant states that "[t]he minimum damages for . . . every single offense is identified by Plaintiff as $34,999 or less." (Notice of Removal ¶ 10, ECF 1.) Defendant is mistaken, however, as Plaintiff "expressly limits the *total* amount sought for every single offense to $34,999 or less." (Compl. ¶ 64, ECF No. 1 (emphasis added).) Plaintiff seeks only $4,000 per offense—the statutory minimum provided by Unruh—up to a combined $34,999. (Compl. ¶ 64, C.) Thus, even with injunctive relief capped at $15,000, the total damages and cost of injunctive relief only reach $49,999. (Compl. ¶ 63.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-04569-RGK-E | Date | August 01, 2019 |
| Title | ***KIDKUL v. THE NEWS, INC.*** | | |

Defendant also contends that the Court may consider attorneys' fees as part of the amount in controversy, as Plaintiff also seeks attorneys' fees pursuant to Unruh. However, district courts within the Ninth Circuit are split regarding whether or not to include prospective attorneys' fees in the amount in controversy. *See, e.g.*, *Jose Ruvalcaba v. Ford Motor Co.*, No. CV 17-07421-RGK-JPRx, 2017 U.S. Dist. LEXIS 170098, *2–3 (C.D. Cal. Oct. 13, 2017) (citing *MIC Philberts Invs. V. Am. Cas. Co. of Reading*, No. 12-CV-0131, 2012 U.S. Dist. LEXIS 80651, at *5 (E.D. Cal. June 11, 2012)). In such cases, "the courts have found that attorneys' fees are in the control of the client and counsel and may be avoided or accrue over years, depending on legal strategy," making attorneys' fees too speculative to include. *See id.* (citing *Grieff v. Brigandi Coin Co.*, No. C14-214-RAJ, 2014 U.S. Dist. LEXIS 80509, at *3 (W.D. Wash. June 11, 2014)). The Court finds these cases well-reasoned and thus declines to include prospective attorneys' fees in the amount in controversy.

In sum, Defendant has failed to demonstrate that the amount in controversy satisfies the minimum requirement to establish diversity jurisdiction.

### B. Federal Question Jurisdiction

Defendant also contends that the Court has federal question jurisdiction over the instant action because Plaintiff's Unruh claim cites a violation of the ADA, a federal statute. The Court disagrees.

28 U.S.C. § 1331 provides federal courts with jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." In determining whether federal jurisdiction attaches to a state law claim that is predicated on violations of federal law, a court must examine whether the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Federal question jurisdiction does not exist merely where a court may have to interpret federal laws or regulations; it exists only where "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9–10 (1983).

Here, Defendant's entire basis for federal question jurisdiction is the fact that Plaintiff alleges that Defendants' conduct violates the ADA. However, violation of the ADA is only one theory of liability that Plaintiff presents, as she also alleges direct violations of the California Civil Code. (Compl. ¶¶ 60–61.) Thus, an ADA violation is not a necessary element of Plaintiff's claim, so no federal question is raised. *See Jackson v. Yoshinoya America Inc.*, No. CV 12-08518 MMM (Ex), 2013 WL 865596, at *3 (C.D. Cal. Mar. 7, 2013) (holding that federal jurisdiction is absent because although "proving an ADA violation would suffice to obtain relief under California disability law—such violations are not a necessary part of [plaintiff's] claim."); *Louie v. Hilton, 39900 Balentine Drive, Newark, CA*, No. C 07-00833 CRB, 2007 WL 878556, at *1 (Mar. 22, 2007) (rejecting federal question jurisdiction because plaintiff's claim for injunctive relief was not "premised *solely* on a violation of the ADA.") (emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04569-RGK-E | Date | August 01, 2019 |
|---|---|---|---|
| Title | ***KIDKUL v. THE NEWS, INC.*** | | |

Accordingly, Plaintiff's Unruh claim does not raise a substantial issue of federal law to support the exercise of federal question jurisdiction.

V.  **CONCLUSION**

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand and **REMANDS** this case to state court.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer _____